## Commonwealth v. Superior Zinc Corp.

*Richard Snyder*, for appellee.
*Joseph Robinson*, contra.

GARB, *J.*, December 30, 1974—We decide herein an appeal of defendant from its summary convictions in 11 separate prosecutions for violation of an ordinance of the Borough of Bristol regarding air pollution. Defendant was charged with 11 separate violations each occurring on a separate date beginning on July 16, 1973, and extending through October 10, 1973. Two separate hearings were held before the district justice of the peace, one in which seven of the complaints were heard and the other in which four complaints were heard. Defendant was found guilty of all 11 violations and the maximum fine prescribed by the ordinance imposed in each case. Defendant has filed two separate appeals from the verdict of each hearing which are now before us for determination.

Two separate appeals were filed pursuant to the Minor Judiciary Court Appeals Act of December 2, 1968, P.L. 1137 (no. 355), 42 PS §§3001, et seq., within the time allowed after the hearings before the district justice of the peace. Only one notice of appeal was entered relating to each separate hearing rather than 11 separate notices of appeal. Two hearings were held in this court on this matter, the

first on March 15, 1974 and the second on October 4, 1974. At the second hearing, counsel for the Commonwealth moved orally to strike the appeals on the ground that the appeals were not taken pursuant to the foregoing act of assembly because separate notices of appeal were not filed for each summary conviction. We are satisfied that the Commonwealth's delay in making such motion is a sufficient basis upon which to dismiss the motion.

In addition to the foregoing, we are satisfied that the motion to dismiss these appeals should be denied: Pa. R. Crim. P. 67 became effective on January 1, 1974, suspending section 3 of the Minor Judiciary Court Appeals Act of December 2, 1968, P.L. 1137 (no. 355), 42 PS §3003, but essentially adopted the terms of that act of assembly. The act of assembly provides that in all cases of summary proceedings, defendant, upon conviction by an issuing authority, may appeal to the court of common pleas of the judicial district in which the minor judiciary court is held and said appeal shall be taken within 10 days of the conviction by filing with the officer of the common pleas court a notice of appeal by depositing bail with the said officer in the amount of $25 if the fine and costs were paid upon conviction. The only difference made in the rule is that the period of time required for filing of the notice of appeal is 20 days rather than the 10 days set forth in the act of assembly. In all cases the fines and costs had been paid to the district justice of the peace upon his finding of guilt. Although the Minor Judiciary Court Appeals Act applies to these appeals because the notices of appeal were filed prior to the effective date of Rule 67, we are satisfied that this section of the act of assembly is a procedural matter and should be construed philosophically in

the same manner that the rules of criminal procedure are construed.

Pa. R. Crim. P. 2 provides that the criminal procedure rules are intended to provide for the just determination of every criminal proceeding and that they shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Although, conceivably, as a technical matter, 11 separate notices of appeal should have been filed, each notice of appeal sets forth the total amount of fine and costs paid and therefore demonstrates that the appellant contemplated that all of the summary convictions be included. In each case the fine imposed was the maximum permissible under the borough ordinance and therefore there can be no misunderstanding as to the matters from which appellant purported to take these appeals. Therefore, we are satisfied that the Commonwealth had notice of the fact that all 11 convictions were under appeal. In view of the Commonwealth's delay in bringing this matter to the attention of appellant and the court, and considering that we can see no prejudice to the Commonwealth, we are satisfied that the proper administration of justice demands that the motion to dismiss these appeals be denied.

Essentially appellant raises two questions in this appeal. Appellant first contends that the ordinance is unconstitutional for vagueness in violation of the due process provisions of the fifth amendment to the United States Constitution, it being a penal ordinance, and secondly on the grounds that the evidence is insufficient, notwithstanding the constitutionality of the ordinance, to sustain the convictions.

We do not reach the question of the constitutionality of the ordinance because we are satisfied that the evidence presented to this court was insufficient to sustain the convictions for violation of this ordinance as it is written. Suffice it to say that we believe that Bortz Coal Co. v. Commonwealth, 2 Pa. Commonwealth Ct. 441 (1971), does not sustain the position of either appellant or the Commonwealth. Both maintain that this case supports its respective contention regarding the constitutionality of the ordinance in question. We are satisfied that this case merely holds that the court refused to decide the constitutionality of the language, similar in nature to the ordinance before us, of the Air Pollution Control Act, as amended: Act of June 12, 1968, P.L. 163 (no. 92), secs. 1 and 2, 35 PS §§4002 and 4003. In Bortz Coal Co. v. Commonwealth, supra, the court held that the delegation of authority to the administrative agency administering the Air Pollution Control Act was a constitutional delegation of authority and that the regulations propounded by that administrative agency under section 3 of the act, see the Act of October 26, 1972, P.L. 735 (no. 245), 35 PS §4004, were constitutional, but that the evidence presented was not sufficient to sustain the relief granted and therefore remanded for an additional hearing. As a result of the additional hearing, the Commonwealth Court sustained the finding of the administrative agency and affirmed the remedy imposed, see Bortz Coal Co. v. Department of Environmental Resources, 7 Pa. Commonwealth Ct. 362 (1973). The one message we do glean from Bortz Coal Co. v. Commonwealth, supra, which is a message we already know, is that the evidence must be sufficient to

sustain the relief requested regardless of whether it be penal or equitable in nature, under whatever standards the ordinance or act of assembly imposes.

In the case before us we heard two witnesses. The first witness was the Bristol Borough inspector who testified that on each of the 11 dates in question he observed certain gases, vapors or smoke being emitted from the smokestack of the appellant in great volume and settling upon the street, homes and other buildings and plant life in the surrounding area. He testified that on each occasion he secured a sample of the emission and turned those various samples over to the borough engineer for analysis.

The borough engineer testified that he conducted analysis and testing of the various samples he received and found those samples to contain .13 milligrams of zinc and .43 milligrams of another material. The ordinance in question provides for no particular permissible levels of zinc or any other material and in fact provides for no standards, minimum, maximum or otherwise, in order to determine when and whether the ordinance has been violated. The ordinance, in section 2a, provides merely that no person shall cause, suffer or permit the emission into the outdoor atmosphere of the borough of any dust, fumes, mist, vapor, gas, smoke, odor or other contaminants which constitute "air pollution" under the terms of the ordinance. The ordinance specifically defines the terms dust, fumes, mist, vapor, gas, smoke, odor and defines "air pollution" as the emission or discharge into the air of dust, fumes, gas, mist, odor, smoke or vapor or any combination thereof of such character and in such quantity as may be injurious to human,

plant, animal life, or to property, or which interferes to a reasonable [sic] degree with the proper enjoyment of life and property throughout the borough. Therefore, even assuming that this definition of air pollution is sufficiently specific to overcome the constitutional infirmity of vagueness, there must be sufficient evidence to determine that the emission is of such character and quantity as to be injurious to human, plant, animal life or to property or which interferes to a "reasonable [sic]" degree with the proper enjoyment of life and property throughout the borough.

The only testimony in this regard is the testimony of a borough engineer to the effect that on a long-term basis the particulate matter contained in the samples he analyzed would settle on green plants and would interrupt photosynthesis and further that it would affect the maintenance aspect of homes, the acid affecting paint surfaces. There is no evidence to show the frequency with which these emissions are made or the time during which appellant allegedly has been permitting these emissions. Therefore, we have no way of knowing whether we are confronted with this particulate matter settling on green plants over a long-time basis or what a long-time basis really means in this context. Further, the mere fact that it may interrupt photosynthesis does not necessarily establish that it would be injurious to plant life to an unreasonable degree, with the understanding that any emissions, some of which are lawful, would have some effect on plant life. Furthermore, there is no evidence to show an interference to an unreasonable degree with the proper enjoyment of life and property throughout the borough. For these reasons, we are satisfied that the evidence is insuf-

ficient to sustain these various convictions and will order herein that the appellant be found not guilty and the fine and costs be remitted.

## ORDER

And now, December 30, 1974, for the reasons set forth in the within opinion, it is hereby ordered, directed and decreed that appellant is not guilty of these 11 summary offenses and the fines and costs posted shall be remitted.